## Commonwealth v. Youngkin

*Scott W. Naus, district attorney,* for the Commonwealth.

*John P. Moses* and *Charles P. Gelso,* for defendant.

MYERS, *P.J.,* July 17, 1989—Defendant is a physician whose office is located in Berwick, Columbia County. He has been charged under 35 Pa.C.S. §780-113(a)3, which is a violation of the Controlled Substance, Drug, Device and Cosmetic Act. Specifically, defendant is charged with providing controlled substances for patients' use beyond the scope of reasonable professional medical treatment. Defendant has filed an omnibus pretrial motion raising several issues. Testimony was taken on defendant's motion on March 1, 1989. After submission of briefs addressing the legal issues, defendant's motion is ready for disposition.

Defendant's omnibus motion raises four issues. They are as follows:

I. Motion to suppress

II. Motion to dismiss the criminal information

III. Motion for change of venue/venire

IV. Motion for individual voir dire

I

Defendant's motion for suppression raises issues of law rather novel to the Commonwealth. Defendant is seeking to suppress items seized relative to a search of his professional office pursuant to an administrative inspection warrant. Defendant ar-

gues that the search was analogous to a criminal investigation rather than to ensure compliance with administrative procedures.

There is little case law in the Commonwealth regarding this issue. However, several federal jurisdictions have addressed the matter.

In *United States v. Lawson,* 502 F.Supp. 158 (D.C. Maryland 1980), a search and seizure of records was effectuated pursuant to an administrative warrant. It was determined that a criminal investigation was being pursued, and that the search was conducted to further that criminal investigation. The court noted that there was no civil or administrative purpose for the information sought at the time the officers applied for the warrants in *Lawson.*

Regarding the issue of probable cause, the *Lawson* court stated that "[a] lower standard of probable cause is constitutionally permissible in the administrative inspection context because the intrusion into an individual's privacy is less than that in the criminal context, and is outweighed by the public's interest in the regulatory program. But once the purpose behind the search shifts from administrative compliance to a quest for evidence to be used in a criminal prosecution the government may constitutionally enter the premises *only* upon securing a warrant supported by full probable cause." *Michigan v. Tyler,* 436 U.S. 499, 508, 512, 98 S.Ct. 1942, 1949, 1951, 56 L.Ed. 2d 486 (1978). (citations omitted; emphasis supplied)

The *Lawson* court went on to hold that the search in question was not supported by a higher standard of probable cause, but rather a lower standard. The searches were accordingly declared to be in viola-

tion of defendant's Fourth Amendment rights and any evidence seized as a result of the search was excluded.

In *United States v. Russo,* 517 F.Supp. 83 (E.D. Mich. 1981), an administrative search warrant was issued pursuant to 21 U.S.C. 880. The warrant was executed in defendant physician's office. Among the items seized were controlled substances, documents and patient file folders.

At the preliminary hearing there was testimony that the seizure of the records was not relevant to the administrative audit authorized by the statute. The *Russo* court suppressed the seized evidence, stating that the officers had probable cause to believe a criminal violation had occurred. It was developed that seizure of the records was not relevant to an accounting procedure and in fact the officers actually desired access to the records to gather evidence for a possible *criminal prosecution.* The items were suppressed because the officers had a duty to obtain a search warrant upon a traditional showing of probable cause and failed to satisfy that duty.

Conversely in *United States v. Nechy,* 827 F.2d 1161 (7th Cir. 1987), the court denied a motion to suppress where a search pursuant to a 21 U.S.C. §880 administrative warrant yielded evidence of criminal activity. The court found that when the warrant was obtained there was no showing that the execution of the warrant would lead to evidence of a criminal violation. The incriminating nature of the evidence was not discovered until the items were taken back to DEA headquarters and inspected there.

In *Lawson, Russo,* and *Nechy,* the threshold determination appears to require at least the exist-

ence of a criminal investigation prior to the obtaining of the warrant by the investigating authorities in order that the evidence obtained be suppressible. However, *Russo* seems to extend the concept further to where mere knowledge or probable cause of criminal activity, without the existence of a criminal investigation, requires that the items seized be suppressed.

In the present case, testimony was clear that a criminal investigation of defendant was undertaken no later than June 19, 1987 (N.T. 16) and possibly in November 1986 (N.T. 1). The Bureau of Narcotic Investigations officer and a member of the Federal Drug Enforcement Administration searched defendant's office on July 29, 1987 pursuant to an administrative inspection warrant.*

It is clear a criminal investigation was in process at least six weeks prior to the search. This search was done with a criminal prosecution in mind. The officers were seeking evidence for a prosecution, not simply evidence of administrative compliance. Clearly to safeguard defendant's constitutional rights against unlawful search and seizures a full-fledged warrant should have been obtained.

The probable cause used to obtain this administrative warrant was clearly insufficient to exact the issuance of a search warrant. Accordingly, we must exclude the items seized pursuant to the administrative warrant. Therefore, defendant's motion to suppress is granted.

Unfortunately for the Commonwealth, had a search warrant been obtained prior to the search of

---

* The warrant was obtained from a federal magistrate pursuant to 21 U.S.C. §880. Admittedly, the probable cause to obtain the warrant would not support a full-fledged search warrant.

defendant's office, the constitutionality of the search would have been sustained. Suitable information for a valid probable cause affidavit on a regular warrant could have easily been obtained from the alleged victim or her parent who was interviewed earlier the same day by the administrative investigators.

## II

In defendant's motion to dismiss the criminal information, defendant argues that the criminal information fails to allege each and every essential element of the offense sought to be charged.

Pa.R.Crim.P. 225(5) states that the information shall contain "a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint. . ." Defendant claims that the Commonwealth fails to state the necessary accusatory language in the information.

The Commonwealth recapitulates the statute, thereby including the essential elements of the offense as required by Rule 225(5). The purpose of the information is to provide notice to the defendant of the crime for which he has been charged. In our opinion, Commonwealth has satisfied this burden. Defendant's motion to dismiss is therefore denied.

## III

Defendant's third motion seeks a change of venue/venire. The granting or denial of a motion for change of venue/venire rests within the sound discretion of the trial court. *Commonwealth v. Casper*, 481 Pa. 143, 392 A.2d 287 (1978). We recognize the

existence of certain pretrial publicity surrounding this case. However, we feel the incident is far enough removed to negate the effect of the pretrial publicity. We will deny defendant's motion for change of venue/venire at this time without prejudice to renew the same during voir dire should circumstances warrant the same.

## IV

Defendant's final motion is a motion for individual voir dire. The trial judge has the discretion to select the manner of voir dire in non-capital cases. *Commonwealth v. Hathaway,* 347 Pa. Super 134, 500 A.2d 443 (1985). As we stated above, we do not feel the pretrial publicity in this case is such that individual voir dire is necessary to ensure that defendant will receive a fair trial. Therefore, defendant's motion for individual voir dire is denied.

## ORDER

And now, July 17, 1989, it is hereby ordered that defendant's motion to suppress be granted. Defendant's motion for change of venue/venire is dismissed without prejudice. Defendant's remaining motions are denied.